*** Filed ***
11:44 AM, 10 Jun, 2026
U.S.D.C., Eastern District of New York

UNITED STATES DISTRICT COURT

Eastern District of New York

BANILLA GAMES, INC.,
Plaintiff

V. Civil Action No. 1:26-Cv-2871

REUT KADOSH and DANIEL MAGORI,
Defendants

**Date: May 29, 2026**

**DEFENDANTS' STATEMENT OF FACTS AND RESPONSE TO PLAINTIFF'S ALLEGATIONS**

Defendants respectfully submit this statement to set forth the facts and circumstances relevant to the allegations asserted against them.

Defendants do not possess the financial resources necessary to engage in prolonged litigation or retain private legal counsel, which is why they are appearing pro se and attempting to address this matter themselves in good faith.

Defendants are private individuals and are not a gaming company, distributor, manufacturer, software developer, or commercial seller of gaming-related products. Defendants have never operated any business involving gaming boards, gaming software, arcade machines, or similar products. Defendants have never maintained a retail location, warehouse, employees, inventory operation, or any commercial enterprise dedicated to the sale or distribution of gaming products.

Defendants respectfully submit that they should not be treated as part of a large-scale commercial infringement enterprise where the evidence demonstrates only a limited and unsuccessful attempt to sell two personally owned boards. Defendants fully respect Plaintiff's right to protect its intellectual property and pursue parties genuinely engaged in unlawful commercial activity. However, Defendants respectfully request that the Court carefully consider the proportionality of the claims asserted against us in light of the actual

conduct, financial circumstances, and the absence of any completed sales or commercial gain.

The allegations contained in the Complaint characterize Defendants as operating a business engaged in the sale and distribution of infringing gaming products. Defendants respectfully assert that such characterization is inaccurate and does not reflect the actual facts of this matter.

This matter concerns only two boards owned by Defendant Daniel Magori: one Fusion 4 board and one Fusion Plus board. Defendant Daniel Magori purchased these boards through a public marketplace transaction at what he believed to be a favorable price for authentic products. At the time of purchase, neither Defendant had any reason to believe that the boards were unauthorized, counterfeit, infringing, or otherwise unlawful. The seller did not represent the boards as pirated, hacked, or counterfeit.

The boards were acquired solely for personal entertainment use. They were never placed into commercial operation, installed at a business location, rented, leased, provided to third parties for operation, or used to generate income.

At a later time, Defendant decided to attempt to sell the boards. Defendant Reut Kadosh occasionally assisted by responding to inquiries from prospective buyers. Defendant Kadosh never purchased, invested funds or owned the boards, never received any proceeds related to the boards, and held no financial interest in any prospective sale. Her involvement was limited to assisting her boyfriend in attempting to sell personal property.

No sale was ever completed.

No customer purchased either board. No deposit was received. No payment was received. No revenue was generated. No profit was earned. The boards remain in Defendants' possession. Defendants possess records and documentation demonstrating that no completed transactions occurred and that the boards remain unsold. [EXHIBIT #3, EXHIBIT #4]

The Marketplace payout reflected in Exhibit 4 relates to an unrelated item sold in 2024 and has no connection to the boards identified in the Complaint.

Neither Defendant copied software, modified software, reverse engineered software, distributed software, or hacked any gaming system. Neither Defendant possesses the technical expertise necessary to engage in such activities. Neither Defendant created gaming software, altered gaming software, or knowingly distributed unauthorized software.

The Complaint references online advertisements and communications. Any statements made in communications with prospective buyers were informal discussions made in the context of attempting to sell personal property and should be considered within that context. Statements

suggesting that a machine could be built or configured did not indicate the existence of a manufacturing operation, inventory business, or software distribution enterprise. Rather, such statements merely reflected an understanding that arrangements might need to be made if a buyer wished to purchase a machine. Similarly, references to obtaining games reflected a belief that products could potentially be sourced through a supplier upon request, not that Defendants personally possessed or distributed copyrighted software.

The Complaint also references a website. Neither Defendant operated a commercial gaming business through that website. The website generated no completed sales, customer transactions, or revenue. Available records and analytics demonstrate that the website did not function as a commercial sales operation. [EXHIBIT #1, EXHIBIT #2]

The records attached as Exhibits 1 through 4 demonstrate the absence of website sales, website revenue, completed Facebook Marketplace orders, or financial proceeds relating to the boards at issue

Defendants never represented themselves as authorized dealers, representatives, agents, distributors, or affiliates of Plaintiff. Defendants never claimed ownership of inventory beyond the two boards described above and never held themselves out as operating a gaming distribution business.

Defendant Daniel Magori subsequently received a cease-and-desist letter by mail. Upon becoming aware of Plaintiff's concerns, listings relating to the boards were removed. Defendants' immediate removal of the listings was consistent with their desire to act responsibly and in good faith.

Defendant Reut Kadosh did not personally receive a cease-and-desist letter. Defendants respectfully submit that the specific facts and circumstances of this matter should be evaluated individually and based upon the evidence unique to this case. Defendants understand and respect Plaintiff's interest in protecting its intellectual property rights. At the same time, Defendants respectfully request that the Court carefully consider the limited nature of Defendants' conduct, the absence of completed sales or financial gain, and the substantial difference between Defendants' actual activities and the type of large-scale commercial operation alleged in the Complaint.

As mentioned before, defendants further note that they are ordinary private individuals with limited financial means and no commercial gaming operation, business infrastructure, or meaningful assets. The extraordinary damages and relief sought in this matter appear grossly disproportionate to the actual facts alleged, particularly where no completed sales occurred, no revenue was generated, no profits were earned, and the products at issue remain in Defendants' possession.

The evidence demonstrates that Defendants possessed only two boards, completed no sales, received no deposits, generated no revenue, earned no profits, operated no gaming business, , and never knowingly infringed upon any intellectual property rights.

Defendants have no desire to unnecessarily burden the Court or escalate this matter into extensive and costly litigation. Rather, Defendants have attempted to act responsibly, cooperate in good faith, and address Plaintiff's concerns while taking responsibility for resolving the situation appropriately.

For the foregoing reasons, Defendants respectfully deny the allegations that they operated a commercial enterprise engaged in the sale or distribution of infringing products and respectfully request that the Court consider the actual facts and evidence specific to this matter.

Respectfully submitted,

Reut Kadosh
181 Harold st
Staten Island, New-York, 10314
Defendant, Pro Se

Daniel Magori
181 Harold st
Staten Island, New-York, 10314
Defendant, Pro Se

EXHIBIT #1 : Website Payment / Transaction report






EXHIBIT #2 : Website Analytics report




EXHIBIT 3# : Reut Kadosh’s Facebook Martketplace orders report

Page 7 out of 8




EXHIBIT 4# : Daniel Magori's Facebook Marketplace Payout report